Ashburn, J.
The case stands on petition and general demurrer. The only question for consideration is : Does the petition state facts sufficient to constitute a cause for equitable relief?
Such facts as are material and well plead are by the demurrer admitted to be true, and we are to determine whether the admitted facts will authorize the relief prayed for.
We have arrived at the conclusion the petition does not make a case for relief, coming within the grasp of any known principle of equity jurisdiction. This action was commenced before the note and mortgage were due.
Plaintiff’ claims the facts admitted by the demurrer disclose a clear case of an express trust. Without entering into a discussion of what conditions and circumstances will constitute, in a given case, an express trust, we think no express trust exists here. An express trust is raised and created by the act, consent, and- mutual understanding of *47 the parties. No such state of case is found in the facts of this ease. At the time of the transaction no implied trust was created. • If there is in this case any question of trust, it can only be that which, independent of any mutual understanding or intention, is forced on the conscience of defendants by meditated fraud, arising out of the conduct of defendants after the recovery of C. I. Neff.
So far as shown by the facts, the plaintiff voluntarily caused the note and mortgage to be delivered to II. E. Neff, without agreement or understanding, on her part, that they were to be returned to plaintiff at any time in the future. Plaintiff alleges he had the understanding that she would return the note and mortgage to him on the recovery of C. I. Neff. But no mutual understanding is stated. H. E. Neff is not charged with any agreement to hold the papers for the use of plaintiff, and clearly no such understanding on her part is disclosed in the petition. Plaintiff was the sole responsible actor in the transaction, and acted voluntarily for the benefit of 0.1. Neff. Prom this state of the facts, no implied trust could arise. Mr. Justice Story, in his Equity Jurisprudence, § 1195, speaking of implied trusts, lays down this general rule : “A trust is never presumed or implied, as intended by the parties, unless, taking all the circumstances together, that it is the fair and reasonable interpretation of their acts and transactions.”
The transaction here, as related in the petition, partakes more of the nature of a gift than a trust. This, because no mutual understanding, express or implied, appears whereby defendants were, at any time, to restore the note and mortgage lien to the plaintiff; and it does appear that the plaintiff voluntarily caused the mortgage and note to be placed in the hands of H. E. Neff, and the mortgage to be canceled for the sole benefit of 0. I. Neff.
If it was the purpose to charge a fraudulent intention- on the part of defendants, to withhold the note and mortgage after the recovery of C. I. Neff, out of which a trust relation would arise, plaintiff' has failed to make such a ease In his petition. In relation to the original transaction H. *48 E. Neff and C. I. Neff' are free from all taint of fraud, either in fact or law. No conspiracy by defendants, since the recovery of C. I. Neff', to defraud plaintiff is charged. Defendant’s liability in this form of action, if any exists, must arise from some act of commission or omission by thorn siuce C. I. Neff was restored to responsible reason, evincing a fraudulent intent.
The only charge in the petition in relation to this matter is, that since the recovery of C. I. Neff' plaintiff has requested defendants to deliver up the note, and restore to him the canceled mortgage lien on the land, and that they have refused. This charge does not raise a presumption of fraud, and fraud will not be presumed unless authorized by the facts or the law. '
As O. I. Neff was free from all fraud in relation to the original transaction by reason of his insanity at that time, no presumption of fraud would arise as to him, since his recovery, until it is shown that he has done some act or made some declaration evincing a fraudulent purpose in relation to the plaintiff and his rights. It must appear that since his recovery, he has been fully informed as to what took place in relation to the note and mortgage during his condition of temporary insanity, the l’eason that induced the transaction, his obligation to restore the note, and its security, and being so advised, knowingly and fraudulently refuses to restore plaintiff his rights. No statement of fact to this effect appears in the petition.
Judgment of district court affirming the judgment of the court of common pleas affirmed.
Dy lapse of time the note and mortgage of July 8,1871, would now be matured. Whatever rights, legal or equitable, the parties may have under that transaction are not intended to be affected by this holding, but only, that the facts set out in the petition do not make a case for the equitable relief demanded.
Wright, J., dissented.